JOSEPH R. BIANCO *vs.* MARIANNE KENNEY BIANCO.

Berkshire.    October 6, 1976. — December 6, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN,
& WILKINS, JJ.

*Divorce,* Division of property.

General Laws c. 208, § 34, as amended by St. 1974, c. 565, was designed
    to give the Probate Courts and the Superior Court power to dispose
    completely of the property of litigants upon divorce and to deal
    broadly with property and its equitable division in ways not author-
    ized before the 1974 amendment. [421-423]
In the circumstances, there was sufficient evidence in a probate judge's
    report of material facts to substantiate his decree that upon divorce
    a wife convey her interest in the marital domicil to her husband
    although in decisions under G. L. c. 208, § 34, as amended by
    St. 1974, c. 565, a judge should frame a more careful report to make
    clear that he considered completely the statutory list of factors in
    reaching his conclusion. [423]

LIBEL for divorce filed in the Probate Court for the
county of Berkshire on October 24, 1974.

The case was heard by *Nuciforo, J.*

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Robert I. Manuel* for the libellee.

*James A. Bowes* for the libellant.

REARDON, J.    Marianne Kenney Bianco (wife) appeals
from a decree nisi granting Joseph R. Bianco (husband) a
divorce and ordering him to pay to her the sum of $2,500
in lieu of all alimony, past, present, and future, and further
ordering her to convey to him "all of her right, title and
interest in the marital domicile" located in North Adams,
Massachusetts. The only challenge lodged by the wife to
this order is that she convey her interest in the marital

home to her husband. In a report of material facts the probate judge found that the parties were married in June, 1971. The husband was then sixty-one years of age and the wife fifty-two years of age, and each had been married once before. The judge recounted the ensuing marital difficulties. He further found that during the year 1974 the wife had a gross income of approximately $7,500, that just prior to the divorce hearing she had a savings account amounting to some $9,000, and that she was employed as a secretary earning a gross weekly salary of $154. Both parties had owned real estate in their own names at the time of the marriage. Subsequently, in December, 1971, they purchased the North Adams real estate in contention here. For this purchase the husband paid the down payment of $3,500. "During the time of their marriage, [the] wife contributed approximately $2,000.00 from her earnings," keeping the rest of her income for her own use. On the basis of the foregoing findings the judge made his rulings and entered the decree.

Here, for the first time, we interpret G. L. c. 208, § 34, as amended by St. 1974, c. 565. The amended statute and the one which it supplanted appear in the margin.[1] The former language of the statute was interpreted by this court in *Topor* v. *Topor,* 287 Mass. 473, 474-475 (1934),

---

[1] G. L. c. 208, § 34, as amended by St. 1974, c. 565: "Upon a divorce or upon petition at any time after a divorce, the court may order either of the parties to pay alimony to the other. In addition to or in lieu of an order to pay alimony, the court may assign to either the husband or wife all or any part of the estate of the other. In determining the amount of alimony, if any, to be paid, or in fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

G. L. c. 208, § 34, prior to amendment: "Upon a divorce, or upon petition at any time after a divorce, the court may decree alimony to the wife, or a part of her estate, in the nature of alimony, to the husband."

wherein it was stated that the statute did not provide "that a part of the wife's estate may, upon divorce, be decreed to the husband on the theory of an equitable division of their properties as do statutes in some jurisdictions. What is taken from a wife's estate and is received by the husband under a decree based on our statute must be 'in the nature of alimony.'" The husband contends that the 1974 amendment to G. L. c. 208, § 34, was designed to give the Probate Courts and the Superior Court power to dispose completely of the property of the litigants, and that the statute empowers those courts to deal broadly with property and its equitable division in ways not previously authorized.[2]

We are of the view that this argument is well taken. The rationale behind the statutory change has been thoroughly and accurately discussed in an article by Messrs. Inker, Walsh & Perocchi in Suffolk University Law Review, Vol. 10 (1975), entitled "Alimony and Assignment of Property: The New Statutory Scheme in Massachusetts." The authors pointed out that "[w]ith the enactment of Chapter 565 [St. 1974], the Massachusetts probate courts [and the Superior Court], upon entry of a decree of divorce, now have the power to make a fair and just assignment of the spouses' property." Id. at 4. Under the amended statute this power must be exercised with due regard to "the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court may also consider the contribution of each of the parties in the acquisition, preservation or

---

[2] We note that the new statute, in addition to permitting the court to order either of the parties to pay alimony to the other, also provides that "[i]n addition to or in lieu of an order to pay alimony, the court may assign to either the husband or wife all or any part of the estate of the other." It is quite clear from this change in the language of the statute that "in lieu of" points the way to a property award which is other than alimony.

appreciation in value of their respective estates." Where the courts have been given such broad discretion to deal with the division of property on divorce, it is important that a judge's findings clearly indicate that he has weighed all the statutory considerations. This requirement in no sense limits the employment of discretion but, rather, defines its scope. Thus the record must show beyond doubt that the judge considered all the factors set forth by the statute. Otherwise the objectives of the statute will not be satisfied.

In our view there is sufficient evidence set out in the judge's report of material facts to substantiate his decree that the wife convey her right, title, and interest in the marital domicil to her husband. The judge made reference to the wife's contributions, her gross yearly income and her savings account, as well as to a financial statement indicating that she owned real estate.[3] He stated also that the down payment on the marital home was provided by the husband. While the judge did not so find, it would appear from the husband's financial statement available to him that the husband was making monthly payments on the note secured by the mortgage on the marital real estate. The judge evidently considered the contribution of each of the parties in ordering the husband to pay the wife $2,500, which is approximately what she contributed to the marriage. In sum, there is sufficient evidence here to affirm the decree nisi, but it would be well in future decisions under this statute that the judge frame more careful findings of fact to make it clear that he considered completely the statutory list of factors in arriving at his conclusion.

*Decree affirmed.*

---

[3] The wife's financial statement indicates that she also owned an automobile and various stocks.