## NANCY ANN K. RICE *vs.* JOHN H. RICE.

Berkshire.     February 10, 1977. — April 14, 1977.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Divorce,* Division of property.

Under G. L. c. 208, § 34, a probate judge has the authority to assign to a party in a divorce proceeding all or part of the separate nonmarital property of the other in addition to or in lieu of alimony. [400-401]

A probate judge did not abuse his discretion under G. L. c. 208, § 34, in awarding a wife in a divorce proceeding approximately half of her husband's estate in addition to $30,000 a year alimony. [401-403]

CIVIL ACTION commenced in the Probate Court for the county of Berkshire on October 3, 1975.

The case was heard by *Nuciforo,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Frederick M. Myers (David O. Burbank* with him) for John H. Rice.

*John I. Robinson (Raymond J. Fontana & David J. Martel* with him) for Nancy Ann K. Rice.

HENNESSEY, C.J.     Nancy Ann K. Rice (wife) filed a complaint seeking a divorce from John Rice (husband) which a Probate Court judge granted in June, 1976. The husband appealed from the Probate Court's judgment in so far as it ordered payment of alimony and a division and distribution of property. Both parties applied to this court for direct appellate review, which applications were allowed.

The parties were married for almost twenty-seven years and have two grown children. The wife, age fifty, is a homemaker, has never been employed for wages or salary and has no vocational skills. She has received an annual

allowance from her husband of approximately $25,000 and fixed her income requirements at roughly $68,000. The husband, age fifty-seven, has been involved with another woman for several years. He has been employed by the A. H. Rice Company or a successor corporation since 1948, receiving annually close to $50,000 in earned income and approximately $38,000 in unearned income. His net worth exceeds $1,000,000. His assets include agency accounts, bank accounts, a joint interest in some Canadian real estate, a joint interest in the marital home, a 40% ownership interest in Rice Investment Corporation (a personal holding company, the remaining stock of which is owned by his father), and some insurance policies. In addition, the husband has received annually from his parents gifts of $6,000. The wife has a negative net worth and derives her assets entirely from her husband. Before his marriage the husband owned the agency accounts and a 20% ownership interest in the family corporation. About the time of his marriage, he obtained another 20% interest in the family corporation as a gift from his father.

The Probate Court judge ordered that "[b]y way of alimony, past, present and future," the husband shall furnish to the wife the following support: (1) his interest in the marital home (approximate value $45,500) including its furnishings (value unstated); (2) his interest in the Canadian real estate (his contribution $10,000); (3) $25,-000 cash; (4) two agency accounts (approximate value $330,000); (5) $30,000 a year in support payments; (6) status as irrevocable beneficiary for full face value of nine insurance policies on his life (face value $80,000); and (7) $7,500 toward the wife's counsel fees. In effect, this order awards the wife $30,000 of her husband's annual income and approximately half of her husband's assets (and income therefrom).

The husband appeals from this order on the ground that the Probate Court lacks authority under G. L. c. 208, § 34, to order the transfer of his separate property acquired before marriage and as gifts during marriage. In addition, he maintains that the award, be it "alimony" or "assign-

ment of property," was excessive and plainly wrong. We disagree.

1. General Laws c. 208, § 34, as appearing in St. 1975, c. 400, § 33, provides that "[i]n addition to or in lieu of a judgment to pay alimony, the court may assign to either the husband or wife all or any part of the estate of the other."[1] A party's "estate" by definition includes all property to which he holds title, however acquired. Therefore, this provision gives the trial judge discretion to assign to one spouse property of the other spouse whenever and however acquired. See *Bianco* v. *Bianco,* 371 Mass. 420, 422 (1976).

The husband asserts that the legislative history of St. 1974, c. 565 (which amended c. 208, § 34), demonstrates a legislative intent to exclude nonmarital property (property not derived from the marital partnership) from the trial judge's assignment authority. However, we do not resort to legislative history and other sources which clarify legislative intent unless the statute at issue is ambiguous. *Chouinard, petitioner,* 358 Mass. 780, 782 (1971). The language of c. 208, § 34, second sentence, is unambiguous and consistent with the general thrust of § 34, which gives the trial courts a large measure of discretion in settling the financial disputes of parties to a divorce. See *Bianco, supra* at 422-423. Moreover, it is not clear that the legislative history of this statute does in fact show a legislative intent to exclude nonmarital property from the court's discretionary

[1] This section, in its entirety, states: "Upon a divorce or upon motion in an action brought at any time after a divorce, the court may make a judgment for either of the parties to pay alimony to the other. In addition to or in lieu of a judgment to pay alimony, the court may assign to either the husband or wife all or any part of the estate of the other. In determining the amount of alimony, if any, to be paid, or in fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

authority to handle divorce settlements.[2] Therefore, we conclude that under G. L. c. 208, § 34, the court may assign to one party in a divorce proceeding all or part of the separate nonmarital property of the other in addition to or in lieu of alimony.

2. General Laws c. 208, § 34, empowers the courts to deal broadly with property and its equitable division incident to a divorce proceeding. *Bianco, supra* at 422. Such broad discretion is necessary in order that the courts can handle the myriad of different fact situations which surround divorces and arrive at a fair financial settlement in each case. See *Putnam* v. *Putnam,* 5 Mass. App. Ct.      , (1977).[a] The statute also requires that before the judge exercise his discretion to award alimony or to assign estate assets he consider all of the criteria enumerated in § 34, third sentence. See note 1, *supra.* Since § 34, third and fourth sentences (see note 1, *supra*) define the scope of a trial judge's discretion, *Bianco, supra* at 423, his consideration of factors not enumerated in § 34 would constitute an error of law. Cf. *Putnam, supra* at      - [b] (dictum: judge may not award alimony or property purely on the basis of one spouse's blameworthy conduct). Moreover, because § 34 gives the courts such broad discretion, it is important that the record indicate clearly that the judge considered all the mandatory statutory factors. *Bianco, supra* at 423.[3]

---

[2] The husband maintains that the Legislature altered the language of the Uniform Marriage and Divorce Act, which authorizes assignment of property however and whenever acquired, and thus indicated its intent to authorize assignment of marital property only. However, the Legislature may well have considered the term "estate" synonymous with the phrase "property and assets ... however and whenever acquired." 9 Uniform Laws Annot., Marriage and Divorce Act, § 307 (1973 & Supp. 1974-1976).

[a] 358 N.E. 2d 837, 840 (1977).

[b] 358 N.E. 2d at 840-841.

[3] *Bianco* requires that "the record ... show beyond doubt that the judge considered all the factors set forth by the statute," and implies that the judge must make findings which show that he weighed all the considerations in order to comply with this requirement. *Id.* While such findings are highly desirable (as the most clear-cut evidence possible

The husband made no motion, as required by Rule 52 (a) of the Massachusetts Rules of Domestic Relations Procedure (1975), for findings of fact and conclusions of law by the judge. His right to challenge the result read by the judge is thus doubtful, to say the least. Nevertheless, we have examined the record in this case and we observe that it includes evidence concerning each of the mandatory statutory considerations. Furthermore, it includes no evidence that the judge below considered any impermissible factors in deciding to award the wife approximately half of her husband's estate in addition to $30,000 a year alimony (support payments). Thus the record is supportive of the judge's conclusions. The parties were married for almost twenty-seven years, during which time the wife became accustomed to sharing liberally in an income of about $90,000 a year (her "station"). She has little or no ability to support herself or to acquire assets which would support her, whereas her husband has not only a substantial earning capacity but also a likelihood of substantial family inheritance. The wife's income requirements appear to be at least as great as her husband's, and her age and health indicate that she may need an income for a longer period than her husband. No evidence supports the husband's allegation that the judge assigned the husband's assets to his wife because of the husband's marital infidelity.[4]

Therefore, on the record before us, we cannot conclude that the judge's order was plainly wrong and excessive. The judge had discretionary authority both to award any or all of the husband's assets to his wife and to award her alimony. G. L. c. 208, § 34. We add that in future cases under this statute we wish to have findings, whether or

of statutory compliance) because the trial in this case predated our *Bianco* opinion, we look only to see if the record sufficiently demonstrates statutory compliance.

[4] Nor is there evidence of any kind in the record concerning the tax consequences to the husband of the judge's property assignment. Consequently, the judge's order cannot be plainly wrong, as alleged, for failure to consider such tax consequences.

not requested by a party (see *Bianco, supra* at 423), showing that the judge below weighed all the statutory factors in reaching his decision and considered no extraneous factors.

*Judgment affirmed.*