EILEEN M. KING *vs.* GILBERT J. KING.

Bristol.     May 3, 1977. — July 6, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Divorce,* Division of property. *Probate Court,* Findings by judge. *Practice, Civil,* Statement of evidence. *Rules of Appellate Procedure,* Statement of evidence.

In a divorce action, a probate judge did not err in making findings of fact sua sponte with respect to an award in lieu of alimony nor did he err in assigning the defendant's interest in the marital domicile to the plaintiff in lieu of alimony under G. L. c. 208, § 34. [39-40]

COMPLAINT for divorce filed in the Probate Court for the county of Bristol on July 14, 1975.

The case was heard by *Rotenberg, J.*

After review was sought in the Appeals Court, the Su-

preme Judicial Court, on its own initiative, ordered direct appellate review.

*Paul F. Wynn* for Gilbert J. King.

*Leonard Louison* for Eileen M. King.

HENNESSEY, C.J.   Eileen M. King (Eileen) brought a complaint for divorce against Gilbert J. King (Gilbert) in the Bristol County Probate Court. The judge granted the divorce request because of cruel and abusive treatment and ordered pursuant to G. L. c. 208, § 34, as amended through St. 1975, c. 400, § 33, assignment of Gilbert's interest in the marital home to Eileen in lieu of alimony. Eileen had requested such an order by way of a motion to amend her complaint, which was granted and which alleged that she requires the home for herself and her children. Gilbert duly appealed from the order to convey his interest in the marital home, and this court transferred his appeal here on its own motion. We conclude that there was no error; we affirm the judgment.

No report of trial testimony was made because neither party requested the presence of a stenographer. The judge made no special findings of fact or conclusions of law, because neither party complied with Massachusetts Rules of Domestic Relations Procedure 52 (a) (1975).[1] However, after the trial and the entry of the judgment nisi, Gilbert offered a statement of the evidence pursuant to Mass. R. A. P. 8 (c), 365 Mass. 849 (1974), which statement included purported testimony by Eileen that she did not want alimony but that she wanted the house for her minor son. Eileen timely filed objections to Gilbert's statement of facts, contending that the entire statement misrepresented the testimony and evidence presented at trial. The judge ruled that he could not approve Gilbert's statement of facts because it "did not present a complete and accurate recitation of the evidence heard at the trial

---

[1] The judge ruled that the Massachusetts Rules of Domestic Relations Procedure were applicable at all times material to this case. Neither party has contested this ruling on appeal.

[but rather] . . . portrayed a self-serving scenario that misrepresented the testimony in material matters."

Rather than summarily disapproving Gilbert's statement of facts, the judge made special findings of fact, pursuant to rule 8 (c), so as to aid the accomplishment of substantial justice and to provide the reviewing court with the subsidiary findings on which his ultimate findings and judgment were based. He found that Eileen contributed to the acquisition and preservation of the marital home; that the house was one of the few real assets held by the parties after twenty-two years of marriage; that Eileen's health threatened her ability to continue working; and that Gilbert is employable. He specifically considered each of the criteria contained in G. L. c. 208, § 34, and concluded that Eileen desired and should receive from Gilbert all right, title and interest in the house in lieu of an order to pay alimony.

Gilbert maintains that the judge exceeded his authority under Mass. R. A. P. 8 (c) by making findings of fact. He argues that rule 8 (c)[2] limits the trial judge's role so that he only can review a proposed statement of the evidence and objections thereto, resolve areas of disputes, and approve a final (presumably accurate) statement. In this case, Gilbert avers, since Eileen did not object to the evidence in his statement concerning her desire for the house but not alimony, the record does not show sufficient evidence on which the judge could permissibly find that Eileen desired and deserved the marital domicile in lieu of alimony. We disagree.

General Laws c. 208, § 34, gives the trial judge in a divorce proceeding discretion to assign to one spouse property of the other spouse in addition to or in lieu of a judgment to pay alimony. *Rice* v. *Rice,* 372 Mass. 398, 400 (1977). *Bianco* v. *Bianco,* 371 Mass. 420, 422 (1976). This statute requires that the judge consider all of the criteria

[2] This rule provides that "[i]f no report of the evidence . . . was made . . . the appellant may prepare a statement of the evidence . . . [which] shall be submitted to the lower court for settlement and approval." Mass. R. A. P. 8 (c), 365 Mass. 849 (1974).

enumerated therein before he awards alimony or assigns property in lieu of alimony. *Rice, supra* at 401. *Bianco, supra* at 423. In addition, he must make findings which show that he weighed all the statutory factors in reaching his decision, whether or not findings of fact are requested by a party pursuant to rule 52 (a) of the Massachusetts Rules of Domestic Relations Procedure. *Rice, supra* at 402. See *Bianco, supra.* Therefore, the judge in this case did not err in making findings of fact sua sponte once he had disapproved Gilbert's proposed statement of the facts. Not only are such findings permissible as an aid to review;[3] they are required in cases involving awards under G. L. c. 208, § 34. While we would prefer that written findings of fact be made before entry of § 34 orders, the judge's findings in this case met the requirements of § 34.

Since there was evidence which supports the judge's decision, he was not plainly wrong in assigning to Eileen Gilbert's interest in the marital domicile in lieu of alimony under G. L. c. 208, § 34.

*Judgment affirmed.*

---

[3] Rule 52 (a) of the Massachusetts Rules of Domestic Relations Procedure and rule 8 (c) of Mass. R. A. P. define the rights and duties of the parties vis-à-vis a trial record. These rules do not appear to limit the conduct of the trial judge vis-à-vis the compilation of a record for appeal.