BARBARA K. HAGER *vs.* EDWARD B. HAGER. July 21, 1978. 1. There was evidence from which the judge could have found that the defendant, in disclosing his assets in the course of negotiating the 1970 separate support agreement, had represented that the 265,000 shares of National Medical Care, Inc., stock then owned by him were substantially valueless, that the actual value of those shares at the time was in excess of one million dollars, that the defendant was fully aware of their actual value at the time he made the misrepresentation, and that the plaintiff would not have signed the settlement agreement had she known of their actual value. The judge was also warranted in finding that the discrepancy between the defendant's estimate of his income for the year 1970 ($50,500) and his actual income as reported in his 1970 Federal income tax return ($115,193) was so substantial as to indicate fraudulent deception. We cannot say that the judge was plainly wrong in regarding as disingenuous the defendant's elaborate arguments in support of the reasonableness of both estimates at the time they were made. It follows that the judge did not err in setting aside the separate support agreement which had been incorporated in the decree nisi entered December 15, 1970. 2. The additional property settlement ordered by the judge ($250,000, less certain sums previous-

ly paid) cannot be said to be erroneous in law or an abuse of discretion, whether that settlement be viewed as a property transfer based on traditional alimony principles (see *Klar* v. *Klar*, 322 Mass. 59, 60 [1947]; *Ober* v. *Ober*, 1 Mass. App. Ct. 32, 35 [1973]; *Topalis* v. *Topalis*, 2 Mass. App. Ct. 530, 532 [1974], and cases cited) or as a modest (in relation to the defendant's assets) equitable division of property pursuant to G. L. c. 208, § 34, following its amendment by St. 1974, c. 565 (see *Bianco* v. *Bianco*, 371 Mass. 420, 422-423 [1976]). Such a division should normally be accompanied by findings detailing all the major elements of contribution by the spouses during the marriage (*Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 17 [1977]) and showing consideration of all the factors enumerated in § 34 (*King* v. *King*, 373 Mass. 37, 39-40 [1977]); but judgments entered (as in the present case) prior to the time that the *Bianco* case indicated the necessity for such findings have been affirmed where the record demonstrates that the judge had before him evidence bearing on the statutory factors and "includes no evidence that the judge below considered any impermissible factors . . . ." *Rice* v. *Rice*, 372 Mass. 398, 402 (1977). *Donoghue* v. *Donoghue*, 5 Mass. App. Ct. 876, 876 (1977). 3. We reject the plaintiff's claim that she was entitled to a more substantial property settlement. It can rarely, if ever, be said that a spouse is entitled as matter of law to have the judge exercise the somewhat far-reaching power to make an equitable division of property, at least where the proposed division cannot be clearly shown to be grounded in the respective contributions of the spouses; and the award in this case, viewed as grounded on traditional alimony principles, made ample, perhaps generous, provision for her support in the manner to which she had been accustomed. 4. The appeals from the judgments other than that of April 29, 1976, have been waived and are therefore dismissed. The judgment of April 29, 1976, as corrected on June 18, 1976, is affirmed.

*So ordered.*

*John J. C. Herlihy* for the plaintiff.
*John Kimball, Jr.* (*Mary Allen Wilkes* with him) for the defendant.