LAURENCE J. CURTIS *vs.* NANCY G. CURTIS. February 5, 1980. The wife appeals from a judgment entered in this action for divorce which awarded her alimony and child support but which made no provision for division of the property of the parties. The judge made no findings of fact. See Mass.R.Dom.Rel.P. 52(a) (1975). He did order, however, that there was to be "no division of property of [the] parties" because they "have not offered evidence under chapter 208, § 34." See *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 17 (1977). Neither party now challenges the award of alimony.

The only question before us is whether on this record the judge should have ordered a division and distribution of the husband's property in addition to an award of alimony. (It was agreed at oral argument that the wife sought a division of property.) Because evidence was introduced concerning the criteria enumerated in § 34, third and fourth sentences, we are constrained in these circumstances to remand this case to the Probate Court to make the findings "required in cases involving awards under G. L. c. 208, § 34." *King* v. *King*, 373 Mass. 37, 40 (1977). See also *Moran* v. *Moran*, 5 Mass. App. Ct. 787, 788 (1977).

We do not intimate here any view of the merits. On a proper record it is well within a judge's discretion to award alimony and to deny a division of property. See *Hager* v. *Hager*, 6 Mass. App. Ct. 903, 903-904 (1978). See also *Rice* v. *Rice*, 372 Mass. 398, 400 (1977); *King* v. *King*, *supra* at 39.

The portion of the judgment denying division of the property of the parties is reversed, and the case is remanded for proceedings consistent with this opinion.

Neither party is to have costs of appeal. Mass.R.A.P. 26(a), 365 Mass. 873 (1974).

*So ordered.*

*Albert H. Russell, Jr.*, for Nancy G. Curtis.
*George L. Bernstein* for Laurence J. Curtis.