JOYCE Y. BELSKY *vs.* MAURICE BELSKY. February 27, 1980. The effect of the judgment from which the wife appeals leaves her with approximately $400,000 in assets, and an award of alimony which, together with her own earnings and income, amounts to $30,000 a year, the sum which the judge found was needed to maintain a standard of living comparable to the one she enjoyed during her marriage. We affirm the judgment.

1. The wife claims the judge failed to give adequate weight to her contribution as a homemaker in making an award by which the husband ended the marriage with more than three times the assets retained by the wife. A review of the evidence brought to our attention by the parties and the judge's findings indicates that he considered all the mandatory statutory factors set forth in G. L. c. 208, § 34, as well as the discretionary factors contained in the fourth sentence of that provision, as appearing in St. 1977, c. 467. See *Rice* v. *Rice*, 372 Mass. 398, 401 (1977); *King* v. *King*, 373 Mass. 37, 39 (1977); *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 12, 14 (1977). This is certainly not a case where the wife is left "at most only marginally independent." Contrast *Zildjian* v. *Zildjian*, 8 Mass. App. Ct. 1, 15 (1979). The judge was not required to find that the wife's contribution as a homemaker, especially in light of the differing views of the parties in this regard, entitled her to an equal division of the marital

property. No specific formula need be followed, and we find no abuse of the broad discretion necessarily accorded to the judge by G. L. c. 208, § 34. *Rice* v. *Rice,* 372 Mass. at 401.

2. The wife also argues that certain findings of the judge are unsupported by the evidence. Disregarding any recitals of evidence contained in the comprehensive findings, see *Collis* v. *Collis,* 355 Mass. 25, 25-26 (1968), we conclude that the judge's finding that "at the very least there is a prospect" of the wife's inheriting somewhat over $150,000 is not clearly erroneous. We do not agree with the argument that the estate tax return of the wife's father, a document presented by the wife's counsel to the trial judge but which is not before us, necessarily contained insufficient information to support the finding. The return presumably showed what property qualified for the marital deduction and hence became the property of the wife's mother, what property was jointly held, and the amount which the judge found to be the size of the father's gross estate. Moreover, there was undisputed testimony showing that the wife's mother owned substantial assets and that the size of her estate was sufficient for estate tax concerns to play a role in its disposition. In any event, we decline to change a finding based in part on documentary material that was before the probate judge but which is not before us. *Thayer Co.* v. *Binnall,* 326 Mass. 467, 483 (1950). *Ryan* v. *Superintendent of Schs. of Quincy,* 363 Mass. 731, 735 (1973).

Although the evidence on which the judge relied in making his finding that the wife would receive an annual pension of $7,500 at age sixty-five suggests that she is entitled to a lump sum amount rather than an annual payment, that inference is not a necessary one. Even if the finding is erroneous, the error is not sufficient to warrant a reversal of the judgment. The amount of the wife's pension is insignificant in the total financial picture of the parties. If at the time the wife reaches sixty-five, the amount of her pension should become material, she may urge a change of circumstances for purposes of increasing the amount to be paid as alimony (*Binder* v. *Binder,* 7 Mass. App. Ct. 751, 754-755 [1979]) although she may not then relitigate the division of property. *Maze* v. *Mihalovich,* 7 Mass. App. Ct. 323, 326 (1979).

*Judgment affirmed.*

*Peter Roth* for the plaintiff.
*Mack M. Roberts* for the defendant.