TANIA R. LANGERMAN *vs.* RICHARD LANGERMAN (and a companion case). March 11, 1980. Each of the parties brought a complaint for

divorce, and on each a judgment of divorce was entered on the ground of cruel and abusive treatment. The wife appeals from the judgments entered in each case but has argued error only as to so much of the judgments entered as provided for alimony and child support. Those judgments provide, among other things, for alimony, support for the parties' minor child, and that the husband make mortgage payments and pay the real estate taxes on the marital home for one year or until the sale of the home should that first occur.

1. The wife argues that the evidence does not support several of the judge's findings, that he weighted them improperly in settling her claims for support, and that the award is so unreasonably low as to amount to an abuse of discretion. After reviewing the record we cannot say that the judge's findings of fact are clearly erroneous on any material point. See Mass.R.Dom.Rel.P. 52(a) (1975). The judge expressly considered each of the factors that G. L. c. 208, § 34, required or allowed him to consider and made detailed findings as to each one. *Bianco* v. *Bianco,* 371 Mass. 420, 423 (1976). *Rice* v. *Rice,* 372 Mass. 398, 401 (1977). See *Hager* v. *Hager,* 6 Mass. App. Ct. 903, 904 (1978). The weight to be accorded each of the § 34 factors in a particular case is committed to the judge, *Rice* v. *Rice,* 372 Mass. at 400-401, who has broad discretion in fashioning a judgment under § 34. That the judge must consider all the statutory factors does not restrain that discretion; it merely defines its scope. *Bianco* v. *Bianco,* 371 Mass. at 423. We find no abuse of that discretion. Compare and contrast *Putnam* v. *Putnam,* 5 Mass. App. Ct. 10, 14-17 (1977); *Zildjian* v. *Zildjian,* 8 Mass. App. Ct. 1, 14-17 (1979).

2. As neither party introduced any evidence on the effects that inflation or income taxes might have on alimony or child support awards, the judge's apparent failure to consider such consequences cannot be held to be clearly erroneous. *Rice* v. *Rice,* 372 Mass. at 402 n.4.

*Judgments affirmed.*

*Carol Goodman* for Tania R. Langerman.
*Thomas J. Sartory* (*Christina L. Harms* with him) for Richard Langerman.