PHYLLIS ANN FOSTER *vs.* JOHN C. FOSTER (and a companion case). July 10, 1980. 1. These cases are cross actions for modification of the custody and alimony provisions of a divorce decree which became absolute November 24, 1974. The husband has appealed from a judgment which, in so far as it is contested, ordered him to convey his undivided one-half interest in the marital house to the wife upon her giving him a noninterest-bearing promissory note for three thousand dollars, payable upon the occurrence of one of three future events. A review of the testimony at the trial and the exhibits, including the financial statements of the parties, fails to suggest a set of findings which impliedly underlay the judgment. In view of the repeated admonitions that orders for alimony or property division under G. L. c. 208, § 34, should be grounded on express findings

(see *Bianco* v. *Bianco*, 371 Mass. 420, 423 [1976]; *Rice* v. *Rice*, 372 Mass. 398, 402-403 [1977]; *King* v. *King*, 373 Mass. 37, 40 [1977]; *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 15 & n.7 [1977]; *Brady* v. *Brady*, 8 Mass. App. Ct. 43, 47, further appellate review granted, 379 Mass. 925 [1979]; *Curtis* v. *Curtis*, 9 Mass. App. Ct. 842 [1980]) as well as the motion by the husband that the judge furnish a report of material facts, we think that the case must be remanded for the purposes of making findings of fact and entering a judgment grounded on those findings. We leave to the discretion of the judge whether to receive additional testimony or to base his findings on the evidence previously adduced. 2. There is no merit to the husband's contention that the original divorce judgment constituted an equitable division of property and that the judge may not for that reason order an equitable division at this time. See *Maze* v. *Mihalovich*, 7 Mass. App. Ct. 323, 324, 326 (1979); *Putnam* v. *Putnam*, 7 Mass. App. Ct. 672, 675 (1979); *Belsky* v. *Belsky*, 9 Mass. App. Ct. 852 (1980). The original judgment nisi did not purport to effect a comprehensive division of assets; indeed, it was entered May 23, 1974, several months before the Probate Courts were empowered by St. 1974, c. 565, to order equitable divisions of property. The judgment entered March 5, 1979, is vacated and the cases are remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*

*David Burres* for John C. Foster.
*Paul T. Ford* for Phyllis Ann Foster.