CLETA L. DOBSON *vs.* DONALD G. DOBSON. December 8, 1980. This is an appeal from a judgment (entered April 2, 1979) of the Probate and Family Court Department which granted a divorce to the wife and awarded to her alimony of $25 a week and certain other benefits for the period ending July 6, 1979, together with a division of property. The probate judge's comprehensive findings deal adequately (cf. *Putnam* v. *Putnam* , 7 Mass. App. Ct. 672, 673-675 [1979]) with all the various factors and criteria which are to be considered under G. L. c. 208, § 34, as appearing in St. 1977, c. 467. Because the evidence is not set forth in the record appendix, we are not able to determine whether the judge's findings are supported by the evidence. The principal asset of the parties was the family home, purchased in 1971, with a down payment made from the joint savings of the parties. It has grown in value because of improvements largely made by the husband and his friends "with a considerable amount of assistance from the" wife. The judgment ordered this property to be conveyed to the wife, upon payment by her to the hus-

---

band of $10,000, representing about one-third of the total equity at the time of the judgment. Review of the probate judge's findings reveals no abuse of the broad discretion committed to the judge under § 34. See · *Tiernan* v. *Tiernan*, 9 Mass. App. Ct. 901 (1980). His findings show that he has weighed carefully considerations such as the health, educational background, skills, and employment opportunities of the parties, their relative income, assets, and prospects, the husband's hard work in improving the family house, his recent behavior, the wife's skill and diligence as a homemaker, and her constant contribution to the marriage as "a hardworking partner." Although the judge may have awarded more assets to the wife than in the division of property in some other recent cases, without the evidence before us, we cannot say that he was clearly in error. Mass.R.Dom.Rel.P. 52(a). The judgment is affirmed with costs to be assessed in accordance with Mass.R.A.P. 26(a), (c), and (d), as amended, 378 Mass. 925 (1979).

*So ordered.*

*John J. Perenyi* for the defendant.
*Cortland A. Mathers* for the plaintiff.