VERONICA C. THOMPSON *vs.* PAUL E. THOMPSON. January 22, 1981. On his appeal from a judgment of the Probate and Family Court Department, the husband claims that the judge abused his discretion in awarding the wife alimony, counsel fees, and two thirds of the sale proceeds from the disposition of the parties' marital home, which is to be sold upon the wife's remarriage or the emancipation of the youngest of their three minor children, whichever occurs first.

The judge made detailed and comprehensive findings which treated all the mandatory and discretionary factors specified in G. L. c. 208, § 34, as appearing in St. 1977, c. 467. See *Rice v. Rice*, 372 Mass. 398, 401 (1977). The evidence is not set forth in the record appendix, and in this posture the question whether these findings are supported by the evidence is not open to us. See *Donoghue v. Donoghue*, 5 Mass. App. Ct. 876 (1977); *Dobson v. Dobson*, 10 Mass. App. Ct. 930 (1980). The husband argues that it was error to award the wife alimony and counsel fees because she is a certified elementary school teacher with an earning capacity equal to his and because she is free to pursue her profession since the judge awarded them joint legal custody of the children. There was no error. The judge designated the wife as "the primary care parent" and he found that her "employability is limited by her parenting responsibilities and the current lack of availability of teaching positions." The wife was awarded a share greater than the husband's in their only valuable asset, the marital home. We cannot say that the judge's conclusion was clearly erroneous. Mass.R.Dom.Rel.P. 52(a). The husband's real contention concerning the division of the house appears to be that the judge failed to make certain findings regarding the husband's contributions to the acquisition of and improvements to the house. This argument is without force, especially in view of the fact that the husband made no request for additional findings pursuant to Mass.R.Dom.Rel.P. 52(b). See *Rice v. Rice*, 372 Mass. at 402; *Newman v. Newman, ante* 903 (1981).

*Judgment affirmed.*

*Paul E. Thompson*, pro se.
*Robert B. Russell* for Veronica C. Thompson.