MARJORIE E. MELISI *vs.* JOSEPH MELISI. May 6, 1981. Marjorie E. Melisi (wife) brought a complaint for divorce against Joseph Melisi (husband) which the Probate Court granted on the ground of cruel and abusive treatment. The wife appeals from that part of the judgment

Rescript Opinions.

which dealt with division of property asserting that the trial judge failed to comply with the requirements of G. L. c. 208, § 34 (as amended through St. 1977, c. 467), and that, consequently, the judgment was arbitrary and unreasonable.

"Because the evidence in this case is reported, 'the appeal brings before us all questions of law, fact, and discretion.'" *Krokyn* v. *Krokyn*, 378 Mass. 206, 208 (1979), quoting from *Cohen* v. *Murphy*, 368 Mass. 144, 147 (1975). However, "the judge's findings, express or implied, will not be reversed unless clearly erroneous." *Binder* v. *Binder*, 7 Mass. App. Ct. 751, 755 (1979). See *Mead* v. *Mead*, 2 Mass. App. Ct. 338, 339 (1974). "General Laws c. 208, § 34, gives the trial judge in a divorce proceeding discretion to assign to one spouse property of the other spouse in addition to or in lieu of a judgment to pay alimony." See *King* v. *King*, 373 Mass. 37, 39 (1977); *Rice* v. *Rice*, 372 Mass. 398, 400 (1977). "[Section 34] requires that before the judge exercise his discretion to award alimony or to assign estate assets he consider all of the criteria enumerated in § 34, third sentence." *Rice* v. *Rice*, *supra* at 401. It is clear from the record that in making his findings, the judge considered and weighed all the factors which are listed in G. L. c. 208, § 34. In fact, the judge demonstrated his awareness of the § 34 factors and the need for their consideration when at his suggestion counsel elicited evidence on certain crucial considerations required by § 34 which had been overlooked. The judge's findings were well within the permissible limits of his discretion. See *Bianco* v. *Bianco*, 371 Mass. 420, 422-423 (1976). *Rice* v. *Rice*, *supra* at 400-401. Comparison of the trial transcript and the findings of fact indicate that those findings were largely based upon the wife's own testimony about her financial position. Upon the evidence before us, we cannot conclude that the findings were clearly erroneous. Neither party is to have the costs of the appeal. Mass.R.A.P. 26(a), as amended, 378 Mass. 925 (1979).

*Judgment affirmed.*

*Thomas H. Collins* for the plaintiff.
*Carmine W. DiAdamo* for the defendant.