VALERIE R. DOWNING *vs.* HARRY B. DOWNING. November 30, 1981. In each of these cross actions for divorce, a judgment of divorce nisi was entered. The wife was awarded custody of two minor children. The husband, whose weekly income was about $109, was ordered to pay, through the family court officer of the Probate Court, thirty dollars a week plus thirty percent of any income of his exceeding $120, up to a total weekly payment of eighty dollars, plus certain other payments not here relevant. The judgments also directed that the husband convey to the wife all his interest in the marital home, subject to the provision that, within one year after the emancipation of the younger child or on the sale of the marital home, the wife must pay to the husband $4,000 from which he is to pay to the family court officer $2,500 "as arrearage owed as of May 8, 1978, for child support." It was further provided that if the husband had theretofore satisfied the arrearage in whole or in part, any excess payment was to be returned to the husband. The probate judge made findings. We discuss the several grounds on which the husband appeals.

1. The judge found that the wife, "consistently employed during . . . [the] marriage, contributed towards the mortgage obligations related to . . . [the] marital home, and maintained . . . [the] obligations" during periods when the husband was unemployed. We perceive no implication in this finding, and the wife does not contend, that the husband failed to make available for family expenses whatever pay or unemployment compensation he received prior to June 22, 1976, when the parties became separated. The finding does not indicate to us any prejudice on the part of the judge against the husband.

2. The judge found that, since the 1976 separation, the wife has been responsible for the support of the children "without any meaningful assistance from" the husband. The evidence indicates that, apart from not very large gifts to the children, the husband made payments of only twenty dollars each week for child support. Inasmuch as the wife was receiving welfare assistance of about sixty-six dollars a week, these payments were made to "welfare." Compared with the wife's total weekly expenses, the husband's payments were not substantial although, doubtless, they were "meaningful" from the husband's standpoint. The judge, in the judgments nisi, only increased the husband's weekly payments, as of the date of the judgments, to thirty dollars. It has not been argued that this rate was unreasonably high or that the judge's view of the significance of the husband's prior contributions influenced in any way the division of marital property under G. L. c. 208, § 34.

3. The judge was warranted in finding the marital real estate to be worth $35,000, subject to a mortgage of about $13,000. The land on which their house was built was contributed by the wife's parents. The contribution of the wife's family, in land and in work done on the house, reasonably had a value of $6,000. After the mortgage and the wife's family's contribution, there was thus a balance of $16,000. Of this the husband is to receive $4,000 from the wife, within one year after she sells the house or after the children (the younger was born in May, 1973) are emancipated. In the circumstances, the judge reasonably could determine that it was sensible to place title to the marital home in the wife who would need it during the minority of the couple's children, and to give to the husband only a money payment when the conditions for such a payment are satisfied. Division of such an asset need not proceed on any precise mathematical formula, but should be an honest exercise of judicial discretion. The judge's findings show that he gave consideration to each of the factors specified in G. L. c. 208, § 34, as appearing in St. 1977, c. 467. See *Bianco* v. *Bianco*, 371 Mass. 420, 422-423 (1976); *Rice* v. *Rice*, 372 Mass. 398, 401-403 (1977); *King* v. *King*, 373 Mass. 37, 40 (1977); *Newman* v. *Newman*, 11 Mass. App. Ct. 903 (1981); *Melisi* v. *Melisi*, 11 Mass. App. Ct. 1022, 1022-1023 (1981). See also *DuMont* v. *Godbey*, 382 Mass. 234, 237-238 (1981). The judge's order imposes no lien upon the marital realty, but merely orders payment of support arrears by the husband when he receives his $4,000. Compare *Brady* v. *Brady*, 380 Mass. 480, 482-487 (1980).

4. The judge's final finding refers to a stipulation by the husband of a support arrearage of $2,500 as of May 8, 1978. At the arguments, it was suggested that this stipulation may have occurred during an unreported bench conference. As the record stands, this finding of a stipulation is not supported by the evidence. The case must be remanded on the sole issue of the amount of the arrearage as of May 8, 1978. If the parties cannot agree on the amount, a further hearing must be held on that issue alone.

5. Subject to a determination of the issue referred to in the preceding paragraph and modification of the orders to reflect the judge's finding, the judgments below are affirmed.

*So ordered.*

*Donald J. Fleming* for Harry B. Downing.
*Joseph P. Harrington* for Valerie R. Downing.