DONNA L. EARLE *vs.* PAUL R. EARLE. May 14, 1982. On November 14, 1979, a judge of a Probate Court entered judgments granting a divorce nisi to each of the parties, nunc pro tunc to May 15, 1979. This was done to assure the legitimacy of the child with whom Donna L. Earle (the wife) was pregnant by the man she intended to marry. It was a procedure with which the parties agreed. They also agreed, and the judgments so reflect, that issues regarding custody of three minor children, visitation, support,

division of assets, arrearages, contempt, medical and hospital insurance, life insurance, unusual medical expenses, and "issues of equity" would remain open.

Those issues came forward for trial on various dates in 1980, and became the subject of an order dated August 21, 1980, by which the probate judge modified the original judgment on the wife's complaint for divorce. It is from this modified judgment that the husband has appealed. The husband has also appealed from a judgment in a companion case, brought on a complaint asking equitable relief, which required payment of $20,000 to the wife (as her distributive share of marital assets) from, or in lieu of, assets found by the judge to have been fraudulently conveyed by the husband to a trust for the purpose of defeating the wife's rights. There was no error.

1. In view of the express reservation by the parties and the judge of the question of equitable division of marital assets at the time the judgments for divorce were entered, the husband is in a poor position to argue, as he does, that no award in lieu of alimony should be made because of the wife's remarriage. Nor is remarriage necessarily a controlling circumstance, see *Ziegler* v. *McKinlay*, 318 Mass. 765, 766 (1945). In all events a court may, under the express language of G. L. c. 208, § 34, at any time after the divorce judgment becomes final, order a division of property if one has not previously been adjudicated. *Maze* v. *Mihalovich*, 7 Mass. App. Ct. 323, 324 (1979). Compare *Kirtz* v. *Kirtz*, 12 Mass. App. Ct. 141, 144-145 (1981). See also *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 11 (1977).

2. The judge's extensive and detailed findings of fact reflect consideration of all the mandatory and discretionary factors listed in G. L. c. 208, § 34. See *Bianco* v. *Bianco*, 371 Mass. 420, 423 (1976); *Rice* v. *Rice*, 372 Mass. 398, 401 (1977); *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 16-17 (1977). Her findings will not be set aside unless they are clearly erroneous. Mass.R.Dom.Rel.P. 52(a) (1975). *Rice* v. *Rice, supra* at 402. The husband's contention that his inheritance from his father's estate belongs to him alone and thus cannot be awarded to his wife fails to come to grips with G. L. c. 208, § 34, which gives the probate judge broad discretion in accordance with the factors listed in that section, to assign to one spouse the property of the other spouse whenever and however acquired. *Rice* v. *Rice, supra* at 400.

3. There is ample support in the record for the probate judge's conclusion that the husband sold the primary marital asset, their house, and fraudulently transferred the proceeds to a trust in order to diminish the marital assets which might become the subject of an equitable division. The judge's order directing payment of $20,000 to the wife from that trust was not error. *DuMont* v. *Godbey*, 382 Mass. 234, 236-237 (1981). *Tsomides* v. *Tsomides*, 3 Mass. App. Ct. 750 (1975).

4. In contending that the wife, the custodial parent, must be ordered to contribute to the support of their children, the husband seems to assume that the wife's care of the children contributes nothing to their support. It is an argument that finds a basis in neither economics nor psychology. The probate judge, in accordance with G. L. c. 208, § 28, properly considered the resources of all the parties, including those of the wife's second husband, to appraise the ability of the wife to use her own resources to support the children. *Silvia* v. *Silvia*, 9 Mass. App. Ct. 339, 340-342 (1980), and cases cited. The support order of $130 a week for the three Earle children recognizes the custodial parent's obligation to provide for all expenses beyond that sum and her nonfinancial, but valuable, contribution to the day-to-day care of the children. Cf. *Kirtz* v. *Kirtz*, 12 Mass. App. Ct. at 147.

5. The husband asserts that the probate judge erred in not making special findings requested by him. Although his motion was timely, he failed to provide the judge with the required transcript. Mass.R.Dom. Rel. 52(c) (1975). In any event, the judge made extensive findings on every issue and, upon our review of the transcript later prepared, we are satisfied that her findings are supported. The husband made no motion for amended or additional findings, Mass.R.Dom.Rel. 52(b) (1975), nor does he argue that any of the findings is clearly erroneous.

6. The judge ordered the husband to pay a sum as contribution to his wife's payments for legal services and costs of the suit. The wife's motion for counsel fees and costs was supported by a statement of counsel's time spent and services rendered. "The amount of the award generally rests in sound judicial discretion, may be presumed to be right and ordinarily ought not to be disturbed." *Meghreblian* v. *Meghreblian, ante* 1021, 1023-1024 (1982). See also *Ross* v. *Ross*, 385 Mass. 30, 38-39 (1982). The record permits the counsel fees awarded in this case, one which the judge found to be "prolonged due to the husband's rigidity and inflexibility."

7. So much of the husband's brief as deals with the grant to the wife of permission to remove their three children to Texas does not rise to the dignity of appellate argument.

8. The remaining issues which the husband raised were not briefed. We deem them waived. Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975).

The modification judgment of August 21, 1980, awarded the wife $1,697 in arrearages for support and $864.24 for medical expenses. These amounts are in some variance with the record, which appears to disclose an arrearage in support payments of $1,330, and $862.24 in medical expenses. The case is remanded to the Probate Court solely for resolution of those relatively minor deviations and modification of the judgment to reflect corrections, if any, in those amounts. The balance of that judg-

ment and the judgment in Equity No. 3904 are to stand.  The wife, Donna L. Earle, is to have the costs of appeal.

*So ordered.*

*Winston J. Bridge* for the defendant.
*Stanley J. Spero* (*Linda Jorgenson* with him) for the plaintiff.