BRUCE A. BETZ *vs.* BARBARA A. BETZ. May 26, 1982. From the scant appendix and docket entries it appears that in September, 1980, the husband was awarded a judgment of divorce nisi and custody of the minor child, that the wife's complaint for divorce was dismissed, and that no timely appeal was filed by the wife. In February, 1981, after hearing a motion filed by the wife for relief from judgment, the judge entered a supplementary judgment which required the wife to transfer her interest in the marital home to the husband upon payment of $2,000, with $3,000 more to be paid "when the home . . . is sold or the plaintiff remarries." The sole matter before us is the wife's appeal from the supplementary judgment. Certain of the judge's findings are attacked as unwarranted by the evidence, but neither the evidence nor a statement of the evidence (Mass.R.A.P. 8[c], as appearing in 378 Mass. 933 [1979]) is before us. See *Kunen* v. *First Agricultural Natl. Bank,* 6 Mass. App. Ct. 684, 687-689 (1978). The judgment, as supplemented, is said to be unjustified in light of various facts elaborately recited but having no substantiation whatever in the record before us. The judge's findings are said to lack the detail contemplated by G. L. c. 208, § 34, see *Bianco* v. *Bianco*, 371 Mass. 420, 423 (1976); *Rice* v. *Rice*, 372 Mass. 398, 402-403 (1977); *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 15 (1977); but the findings track generally the statutory factors, and, while more detail as to certain particulars might be desirable in the abstract, we have no way of knowing whether the judge

could have made more detailed findings on the basis of the evidence before him. The findings on their face warrant the modest property settlement ordered; the case does not appear to fall within the principle alluded to in *Putnam* v. *Putnam, supra* at 17, that no division should be ordered where the evidence introduced by the parties does not warrant findings comprehensive of the statutory factors. Lastly, it is not made to appear that the judge placed undue weight on the wife's conduct, the disposition made by the supplementary judgment being seemingly consonant with needs, resources, and contributions of the parties, as well as general equitable considerations to the extent that they can be gleaned from the limited record. Contrast *Putnam* v. *Putnam, supra*.

*Supplementary judgment affirmed.*

*Shirley A. Doyle* for Bruce A. Betz.
*Anthony T. Petrocca* for Barbara A. Betz.