CARLYNN LOUISE TANNER *vs.* GEORGE DONALD TANNER (and a companion case[1]). June 25, 1982. These cases come before us on the husband's appeals from Probate Court judgments on complaints by both parties for divorce and ordering a division and distribution of property. The husband has argued error only as to the portion of the judgments which required him to convey to the wife his interest in the family home (the primary marital asset, valued at $70,000) in exchange for $15,000. He contends that the apportionment was not supported by the facts found or by the evidence, and that the judge committed reversible error by not indicating the rationale underlying his decision. He further argues that the judge abused his discretion by considering certain factors outside the scope of G. L. c. 208, § 34 (as appearing in St. 1977, c. 467). We conclude that there was no error and affirm the judgments of the Probate Court.

It is settled that G. L. c. 208, § 34, "empowers probate judges incident to a divorce proceeding to employ broad discretion when handling the myriad of different fact situations which arise in reaching a fair financial settlement and in dealing with property and its equitable division." *Newman* v. *Newman*, 11 Mass. App. Ct. 903 (1981). See *Rice* v. *Rice*, 372 Mass. 398, 401 (1977).

The judge's findings of fact track generally the mandatory and discretionary factors enumerated in § 34. The findings indicate that the judge weighed carefully considerations such as the age, health, estate, skills, and employment opportunities of the parties, and their relevant income, assets, and prospects. In addition, the judge found that during the marriage the husband "did very little in house maintenance and spent much time outside the home," while the wife "was responsible for raising the children and taking care of the marital domicile." After reviewing the record before us, we cannot say that the findings "are clearly erroneous on any material point." See *Langerman* v. *Langerman*, 9 Mass. App. Ct. 869 (1980); Mass.R.Dom.Rel.P. 52(a) (1975).

The judge also made factual findings regarding the contribution by various persons toward the acquisition and upkeep of the marital home. The judge found that the home, which now has a fair market value of $70,000, was purchased for $14,900, with a $500 deposit supplied by the wife's parents. Mortgage payments were made by the husband for 13 years, and the wife's mother paid off the balance of the mortgage (approx-

---

[1] The companion case is between the same parties.

imately $10,450). The judge also found that the wife's mother had invested more than $25,000 in the property. The defendant argues that the court improperly considered the monetary contributions provided by the plaintiff's mother in determining how to apportion the estate. He asserts that § 34, which "defines [the] scope" of a trial judge's discretion, see *Bianco* v. *Bianco*, 371 Mass. 420, 423 (1976), simply provides that "[t]he court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates," and therefore excludes from consideration any contributions to the estate made by persons who are not "parties" in the proceeding. The defendant particularly relies on dictum in *Rice* v. *Rice*, 372 Mass. at 401, stating that "consideration of factors not enumerated in § 34 would constitute an error of law." See Inker, Walsh & Perocchi, Alimony and Assignment of Property: The New Statutory Scheme in Massachusetts, 10 Suffolk U.L. Rev. 1, 16-17 (1975).

While we recognize that the trial judge's discretion in this case is controlled by the mandatory and discretionary factors enumerated in § 34, that statute must be construed in light of its "general thrust . . . which gives the trial courts a large measure of discretion in settling the financial disputes of parties to a divorce." *Rice* v. *Rice*, 372 Mass. at 400. See Inker et al., *supra* at 18-20. Viewing the statute in light of its intended purpose, we conclude that evidence of outside contributions to one or both of the parties can be relevant to a determination of the nature and extent of the "estate" of each party. Indeed, if evidence of contributions made by third parties was considered inadmissible, a trial court might well be unable to assess accurately the actual contributions of each of the parties to the marital estate. Cf. *Rice* v. *Rice*, 372 Mass. at 399 (the court noted gifts made to the husband by his parents); *Dobson* v. *Dobson*, 10 Mass. App. Ct. 930 (1980) (the court noted that the marital home had grown in value "because of improvements largely made by the husband and his friends 'with a considerable amount of assistance from the' wife").

Although the rationale for the trial judge's decision as to the distribution of the marital property is not offered as explicitly as we would like, it is nevertheless implicit, from the findings of fact. Compare and contrast *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10 (1977). The division of marital property was made after due consideration of the § 34 factors. We cannot conclude from the record before us that the judge's order was "plainly wrong and excessive." See *Rice* v. *Rice*, 372 Mass. at 402; *Newman* v. *Newman*, 11 Mass. App. Ct. 903 (1981).

*Judgments affirmed.*

*Lawrence C. Weisman* for George Donald Tanner.
*Philip R. Shea* for Carlynn Louise Tanner. ·

