NORMAN W. JOHNSON *vs.* CONNIE LEE JOHNSON (and a companion case[1]). June 27, 1986. *Divorce and Separation,* Division of property, Pension benefits.

Norman W. Johnson filed a complaint in the Bristol County Probate and Family Court, seeking a divorce from his wife, Connie Lee Johnson. She, in turn, filed a cross action against him. The complaints were tried together before a Probate Court judge.[2] A judgment of divorce nisi was entered in each action. The judge ordered a division of marital assets, including an assignment to the wife of a percentage of the husband's future pension benefits. The husband brings this appeal, claiming that the division

---

[1] Connie Lee Johnson *vs.* Norman W. Johnson.

[2] A civil action brought by the husband against the wife was also tried with the divorce complaints. That action was dismissed by agreement of the parties upon the entry of the divorce judgments.

of marital assets was not fair. He also argues that the judge's findings were not based on the evidence and that he was denied his right to present evidence relating to a defense.

1. *Division of marital property*. The parties stipulated at trial that the entire marital estate had a value of $192,769.13. That amount included approximately $80,000 in stocks, mutual funds and bank accounts in the wife's name. The judge, in a comprehensive and thoughtful memorandum, considered all the mandatory and discretionary factors set out in G. L. c. 208, § 34. *Bianco* v. *Bianco,* 371 Mass. 420, 423 (1976). *Rice* v. *Rice,* 372 Mass. 398, 401 (1977). *Kane* v. *Kane,* 13 Mass. App. Ct. 557, 560 (1982). The judge then ordered the estate divided as follows: $134,650 to the wife, and $58,119.13 to the husband. The husband argues that the division was unfair in that he did not receive any part of the approximately $80,000 held by the wife in her name.

The judge made several findings concerning the $80,000 in controversy. He found that, in 1975, the wife's mother gave about $38,000 to the wife. She managed, by prudent investments, to increase that sum to about $80,000. That money, whether in the form of stocks, mutual funds, or bank accounts, was held in the wife's name throughout the entire marriage. The judge also found that both the husband and the wife considered the money to be the wife's separate and individual property during the marriage.[3] The judge's decision not to give any part of the $80,000 to the husband was based on his consideration of the factors enumerated in G. L. c. 208, § 34, especially the precarious health of the wife and the husband's abusive conduct, both physical and mental, directed at the wife and her mother during the marriage. See *Ross* v. *Ross,* 385 Mass. 30, 37 (1982). "There is no requirement in G. L. c. 208, § 34, or cases under it, of precise parity in equitable division of marital assets. Indeed, the fourth sentence of § 34, as appearing in St. 1977, c. 467, in contrast to the mandatory factors which appear in the third sentence, makes consideration of 'the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates . . .' a matter of the court's discretion." *Cabot* v. *Cabot,* 18 Mass. App. Ct. 903, 905 (1984), quoting from *Belsky* v. *Belsky,* 9 Mass. App. Ct. 852 (1980). "The weight to be given to each of the factors is within the judge's discretion, and '[n]o specific formula need be followed to fashion an equitable judgment.'" *Caldwell* v. *Caldwell,* 17 Mass. App. Ct. 1032 (1984), quoting from *Robbins* v. *Robbins,* 16 Mass. App. Ct. 576, 578 (1983). Based on his findings, which were supported by the evidence, we cannot say that the judge's decision not to give the husband any part of the $80,000 was an abuse of that discretion.

The judge also assigned to the wife thirty percent of each monthly benefit received by the husband from certain retirement plans, if, as, and when

---

[3] At trial, however, the $80,000 was considered to be marital property and subject to division under G. L. c. 208, § 34.

such retirement benefits should be received by the husband, and if the wife is then unmarried. The husband contends that the judge committed error because he should have limited the assignment to a percentage of that portion of the pension benefits attributable to the period of the marriage. He cites *Dewan* v. *Dewan,* 17 Mass. App. Ct. 97, 101 (1983), as support for his contention. In that case we held that nonvested pension rights are subject to division at divorce. *Id.* at 100. *Davidson* v. *Davidson,* 19 Mass. App. Ct. 364, 373 n.11 (1985). The court, in a scholarly analysis, discussed various methods that are used in other jurisdictions in dividing pension benefits. *Dewan* v. *Dewan, supra* at 101-102. The court emphasized that the "determination whether to assign a percentage of present value as a property asset or to allocate benefits if and when received lies largely within the discretion of the judge." *Ibid.* There is nothing in *Dewan* that forecloses the formula used by the judge in the instant case. Considering the ages of the parties, the wife's poor health, her very limited employment prospects, and the judge's findings on the other factors enumerated in § 34, his allocation of the pension rights was not an abuse of discretion. Nothing in *Davidson* v. *Davidson, supra,* is to the contrary.

We recognize that the division of marital assets under G. L. c. 208, § 34, lies within the judge's discretion. On this record, the judge exercised his discretion with considerable skill.

2. *Other issues.* The other claims raised by the husband are without merit. A review of the record shows that the judge's findings were supported by the evidence. The husband's claim that he was denied the right to put in a defense is frivolous. He testified at length on his complaint. After the wife testified, the judge allowed him to testify again as a rebuttal witness. He was given full opportunity to present any evidence that he desired.

*Judgments affirmed.*

*Ben D. Lewis* for Norman W. Johnson.
*Max Volterra* for Connie Lee Johnson.