Thalwanti Singh (wife) appeals from a judgment of divorce nisi entered March 3, 2015, claiming that the judge erred in her division of the marital property and by ordering Hansdeo Singh (husband) to pay only one hundred dollars per week in alimony. The husband, in turn, asks this court to award attorney's fees on the ground that the wife's appeal is frivolous. We affirm the judge's property division and alimony award and we decline to award attorney's fees.
1. Property division. The wife claims that the judge erred in dividing up the marital property in two respects. First, she argues that the judge erred in failing to award her an additional amount to balance out the husband's advance for legal fees. Second, the wife argues that the judge erred in requiring her to share in the financial penalties stemming from the husband's early withdrawal and redeposit of funds from the savings account. We disagree with both claims.
This court reviews a judge's assignment of a marital estate pursuant to G. L. c. 208, § 34, for abuse of discretion. "We will not reverse a judgment with respect to property division unless it is 'plainly wrong and excessive.' " Baccanti v. Morton, 434 Mass. 787, 793 (2001), quoting from Mahoney v. Mahoney, 425 Mass. 441, 447 (1997). An award is plainly wrong when it does not take into account the factors in § 34 or flow rationally from the findings. Bowring v. Reid, 399 Mass. 265, 267-268 (1987).
With respect to the husband's legal fees, earlier in the case the judge had ordered the husband to pay $65,387 to the wife for his share of the advance of legal fees from the parties' accounts. The husband testified that he placed the bank check for this amount, payable to the wife, into the wife's mailbox. The wife maintained she never received this check. The judge did not credit the husband's testimony on this point, and also found that although the check had been debited from the accounts, it had not been cashed. The judge "set this amount off" to the husband, deeming it an advance on his share of the marital assets, and ordered the husband to provide a second check for the same amount, which was made payable to the wife's trial counsel, Tony Blaize. The judge found that the wife received the second check. Regarding the initial check, the judge indicated that if it were cashed by anyone other than the husband, he could proceed against them in court. The wife claims this outcome, which purportedly allows the husband an additional $65,387 above the wife's property allocation, is inequitable.
On this record, we cannot conclude that an abuse of discretion has occurred. Despite claiming that setting the first check off to the husband was error, the wife fails to point to anything in the record that would allow us to conclude that the setoff was not factored into the division of the estate. Furthermore, "[m]athematical precision is not required of equitable division of property." Fechtor v. Fechtor, 26 Mass. App. Ct. 859, 861 (1989). Even assuming, arguendo, that the $65,387 check was not counted toward the marital estate at the time of its division, this would not constitute a windfall for the husband in the division of a marital estate of this size.[2] See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 860-862. The judge's division was equitable, which is all that is required pursuant to § 34. See Williams v. Massa, 431 Mass. 619, 626 (2000).
With respect to the $10,947 penalty for early withdrawal of savings, the judge ordered the husband to transfer to the wife $5,473.50, representing half of the penalty charges incurred after the husband's unilateral withdrawal from and subsequent redeposit of funds to the marital bank account.[3] The wife claims this was error because she should not be responsible for penalty charges incurred solely as a result of the husband's misconduct. We disagree.
The withdrawal at issue occurred on June 20, 2011, and the funds were redeposited on October 11, 2011, all of which was during a time when the husband controlled all of the marital assets and income. In April of 2012 the parties filed a joint Federal tax return for 2011, which acknowledged the penalty. Later still, on May 1, 2012, the wife filed the divorce complaint. We therefore see no error in failing to charge the husband with the full amount of the penalty. Compare Kittredge v. Kittredge, 441 Mass. 28, 42 (2004) ( "[W]hile the wife did not herself participate in her husband's gambling, she was aware of it for many years and, whatever concerns she may have harbored about it, there is no evidence that she did anything to protest it").
2. Alimony award. The wife also claims that the alimony award of one hundred dollars per week was unduly low and should be increased. Again, we disagree. "Upon consideration of the factors specified in G. L. c. 208, § 34, a judge has considerable discretion in fashioning an alimony award." D.L. v. G.L., 61 Mass. App. Ct. 488, 508 (2004). The needs of the parties is a "primary consideration, and is measured by the station of the parties-by what is required to maintain a standard of living comparable to the one enjoyed during the marriage." Id. at 507 (quotations omitted). In reviewing the judge's alimony award, again this court "will not reverse unless plainly wrong." Freedman v. Freedman, 49 Mass. App. Ct. 519, 523 (2000).
Here, the judge awarded the wife one hundred dollars per week in alimony on the basis that "[t]his [was] a long term marriage." The judge expressly laid out and considered the additional statutorily mandated factors in her findings. Of particular note, and contrary to the wife's argument, "[a]lthough the parties accumulated significant assets during the marriage, they lived a modest lifestyle."[4]
The wife's weekly expenses for herself and her three children are $1,035. It was within the judge's discretion to determine that one hundred dollars per week would allow the wife to meet her financial needs and maintain her standard of living, taking into account the weekly $475 child support payments, rental properties awarded to the wife, and, if needed, employment she seeks outside of the home utilizing her management skills. Furthermore, should the wife's circumstances change, the judge ordered the award reviewable in the future. Therefore, we see no reason to disrupt the award at this time.[5] See D.L., supra at 508-510.
3. Attorney's fees. Finally, the husband asks this court to award him damages and double costs, pursuant to Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979), on the ground that the wife's appeal is frivolous. "An appeal is frivolous '[w]hen the law is well settled, when there can be no reasonable expectation of a reversal,' " but not necessarily when the appellant makes unpersuasive arguments. Avery v. Steele, 414 Mass. 450, 455 (1993), quoting from Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984). It is within this court's discretion to determine when an appeal is frivolous. Ibid. Although we affirm the judgment in favor of the husband, we do not find this appeal frivolous, because the dispute over the property division and alimony warranted this court's review.
Judgment affirmed.

The marital estate comprised $3,279,715.52 of real and personal property and $1,440,126.69 in bank account funds, totaling $4,719,842.21.

Although this penalty has routinely been characterized as a "tax penalty," it appears the penalty in question is a bank-imposed penalty for the husband's early withdrawal from a savings account, which was later claimed as a deduction on the parties' 2011 joint tax return. This does not alter our conclusion.

In support of this conclusion, the judge found that for the majority of their marriage, the parties and their three children occupied a two-bedroom apartment in one of their rental properties until they moved into the marital home, where the wife continues to reside. They did spend money on travel to visit family, their children's private school educations, and on luxury cars, which were fully purchased. In all other respects, however, the parties maintained, and can continue to maintain postdivorce, a "comfortable middle class standard of living."

The wife additionally argues that the award should be increased because it constitutes seven percent of the difference between her annual income and the husband's, below the thirty to thirty-five percent figure set out in G. L. c. 208, § 53(b ), inserted by St. 2011, c. 124, § 3. The provision sets a possible ceiling, not a floor, on potential awards. The judge was within her discretion to fix the alimony amount in accordance with her finding of the wife's need, the husband's ability to pay, and the statutory factors, even if it falls below the thirty to thirty-five percent range. See ibid. ("[T]he amount of alimony should generally not exceed the recipient's need or 30 to 35 per cent of the difference between the parties' gross incomes"); Pierce v. Pierce, 455 Mass. 286, 295-296 (2009) ; Hassey v. Hassey, 85 Mass. App. Ct. 518, 524-525 (2014).