NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-85

THOMAS K. LANIERI

vs.

LUCY M. LANIERI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Thomas K. Lanieri (husband), sought equitable relief from the parties' divorce judgment, arguing that the separation agreement violated Federal law because it provided that his monthly payments in the nature of property division to the defendant, Lucy M. Lanieri (wife), were computed in part based on the amounts of the parties' Social Security benefits.  A judge of the Probate and Family Court allowed the wife's motion to dismiss, concluding that the separation agreement, which was incorporated into the judgment and survived as an independent contract, properly considered the amounts of anticipated Social Security benefits as one factor in equitably distributing the marital estate.  We affirm.

Background.  After forty years of marriage, the parties divorced.  On February 5, 2018, they executed the separation

agreement, in which each waived alimony and agreed to the division of marital assets.  As to Social Security benefits and the husband's pension, the separation agreement included the following language (pension clause):

> "[The husband] intends to begin collection of Social Security benefits on or before April 1, 2019.  [The wife] will start collecting spousal Social Security benefits in April, 2019.
>
> "From April, 2019 to [the] death of either party, based on the total amount of the parties' Social Security benefits and [the husband]'s pension, [the husband] will pay [the wife] each month an amount sufficient to ensure that the parties' Social Security and [p]ension balance is equal. The parties expressly acknowledge that any funds paid by [the husband] to [the wife] shall not constitute alimony.
>
> "[The husband] will receive the monthly Convergys pension check of $730.00.  Beginning February 1, 2018 and continuing until April 1, 2019, [the husband] agrees to send one-half ($365) to [the wife] monthly.  Thereafter, [the husband] agrees to send an amount to [the wife] sufficient to equalize Social Security plus pension as per above paragraph terms."

Each party acknowledged that, before signing the separation agreement, he or she had the opportunity to consult with counsel, read and understood the agreement, and believed that it was "fair and reasonable"; each acknowledged having "sign[ed] this agreement freely and voluntarily, intending to be bound by its terms."

On March 8, 2018, a judge (divorce judge) approved the separation agreement, finding that it was fair and reasonable, and a judgment of divorce nisi entered.  The separation

2

agreement, including the waiver of alimony and the pension clause, did not merge with the divorce judgment but survived as an independent contract.

In December 2018, a second judge found the husband in contempt for refusing to make payments to the wife as required by the pension clause. On April 30, 2019, the husband filed a complaint for modification of the judgment, alleging that the wife had made misrepresentations on which the pension clause was based and seeking to modify the judgment by eliminating the pension clause. The second judge dismissed that complaint. The wife filed a subsequent contempt action, alleging that the husband again had failed to pay her amounts he owed under the pension clause; by the time of the hearing, the husband was in compliance with the required payment, but the second judge ordered him to pay $500 toward the wife's attorney's fees and further ordered that "[a]n award of 100% of counsel fees and [wife]'s out of pocket costs shall presumptively be issued upon any future finding of contempt on this issue."

In October 2019, the husband moved for equitable relief from the divorce judgment pursuant to Mass. R. Dom. Rel. P. 60 (b), quoting all six subparts of that rule and arguing that the pension clause violated 42 U.S.C. §§ 407 & 659 and the divorce mediator had fraudulently induced the husband to agree to the pension clause. The divorce judge denied the motion and ordered

3

the husband to pay $1,000 toward the wife's attorney's fees. In June 2020, the husband yet again was found in civil contempt for failing to make payments to the wife as required by the pension clause and ordered to pay the wife's attorney's fees.

On June 1, 2021, the husband filed the complaint at issue here, seeking equitable relief pursuant to Mass. R. Dom. Rel. P. 60 (b) (4), arguing that the divorce judgment was void because 42 U.S.C. §§ 407 & 659 prohibited the Probate and Family Court from dividing the parties' Social Security benefits as part of the marital estate, and thus the court lacked subject matter jurisdiction. The wife filed motions to dismiss and for attorney's fees. The husband moved for summary judgment, and a hearing on that motion was scheduled for October 20, 2021.

On September 22, 2021, a fourth judge (motion judge) held a hearing on the wife's motion to dismiss. After hearing argument, the motion judge told the wife's counsel that it was not necessary to file an opposition to the husband's summary judgment motion. In a written decision, the motion judge allowed the motion to dismiss, concluding that the pension clause was not void because the parties' separation agreement properly could base the equitable distribution of marital assets in part on their anticipated Social Security benefits. The motion judge further concluded that the husband's complaint was duplicative of his prior unsuccessful attempts to invalidate the

4

pension clause in his April 2019 complaint for modification and his October 2019 motion for relief from judgment, and the husband had raised no additional grounds or reasons justifying relief, and thus the present complaint was untimely.  The motion judge subsequently denied the husband's motion for summary judgment.  The motion judge also awarded the wife attorney's fees in the amount of $3,675.  The husband now appeals.

Discussion.  Standard of review.  We review de novo the motion judge's rulings of law, including her interpretation of the parties' separation agreement.  See Tompkins v. Tompkins, 65 Mass. App. Ct. 487, 494 (2006).

Wife's motion to dismiss.  As mentioned above, the motion judge concluded that the husband's complaint for equitable relief pursuant to Mass. R. Dom. Rel. P. 60 (b) (4) seeking a determination that the pension clause was void was duplicative of his October 2019 complaint for equitable relief, which the divorce judge denied and from which the husband did not appeal. Noting that the husband "has failed to raise additional grounds or reasons for justifying relief under Rule 60 (b)," the motion judge concluded that the husband's complaint was not timely. See Sahin v. Sahin, 435 Mass. 396, 401 (2001) ("To the extent that the claims raised by a party's independent action appear to fall within the provisions of rule 60 [b] that mandate a specific time limitation, but materialized too late to file in a

5

motion to the court which rendered the judgment, the party must raise some additional ground or reason justifying relief after the expiration of the time limitation"). Cf. Rezendes v. Rezendes, 46 Mass. App. Ct. 438, 440 (1999) (determination of what constitutes reasonable time to file rule 60 [b] [6] motion to void divorce judgment in judge's discretion). We need not determine that issue, because we conclude that the husband was not entitled to rule 60 (b) (4) relief.

The husband contends that the pension clause in the parties' separation agreement "constitutes an impermissible direct assignment" of Social Security benefits. We are not persuaded.

Under Federal law, Social Security benefits "are not subject to division as part of the marital estate." King v. Cerbone, 101 Mass. App. Ct. 783, 785 n.3 (2022). See 42 U.S.C. § 407(a) ("The right of any person to any future [Social Security] payment . . . shall not be transferable or assignable"). However, a judge tasked with dividing marital assets "may take the amount of the anticipated Social Security benefit into account." King, supra, citing Mahoney v. Mahoney, 425 Mass. 441, 446-447 (1997). The judge may consider the anticipated amount of Social Security benefits "as one factor, among others, in making an equitable distribution of the distributable marital assets." Mahoney, supra at 446.

6

Where, as here, the division of marital assets was accomplished by agreement of the parties, consideration of the amount of anticipated Social Security benefits is no less appropriate. Once a judge has found that the parties' agreement is "free of fraud and coercion, and fair and reasonable in the circumstances," Calhoun v. Rawlins, 93 Mass. App. Ct. 458, 467 (2018), then that agreement is valid, id. at 466 & n.14. See also Coppinger v. Coppinger, 57 Mass. App. Ct. 709, 712 (2003) (when agreement is incorporated into divorce judgment but survives as independent contract, something more than material change of circumstances must be shown for judge to refuse specific performance). Cf. Cavanagh v. Cavanagh, 490 Mass. 398, 403 n.3 (2022) ("A judge may not approve and incorporate into a divorce judgment a separation agreement or provisions contained therein where the agreement as a whole or the relevant provisions are not fair and reasonable or are not free from fraud and coercion" [quotations and citation omitted]). Thus the pension clause of the parties' agreement is binding unless the divorce judge was "plainly wrong," Mahoney, 425 Mass. at 447, in finding it fair and reasonable.

The husband does not contend that the divorce judge committed clear error in finding the parties' agreement fair and reasonable. Instead, the husband contends that the pension clause constituted an "assignment" of Social Security benefits,

7

and thus violated Federal law. Relying on cases from other states, the husband argues that the pension clause amounted to an assignment, and not an offset, of Social Security benefits. The argument is unavailing. As the husband acknowledges in his brief, "when [the parties] begin to receive those benefits, the [husband] is obligated to equalize the parties' income from the [husband's] Convergys pension and [S]ocial [S]ecurity benefits," using whatever assets he sees fit. Thus, this case is controlled by Mahoney, 425 Mass. at 446, where the judge "considered the husband's anticipated Social Security old age benefits, and awarded the wife a larger percentage of the marital estate 'to equalize the standard of living both parties will enjoy in the present and future.'"

In those circumstances, the motion judge "acted correctly" when she allowed the wife's motion to dismiss the husband's complaint for equitable relief and declined to void the pension clause of the divorce judgment. Mahoney, 425 Mass. at 446.

Husband's motion for summary judgment. The husband argues that because the wife failed to file an opposition to his motion for summary judgment disputing the facts he alleged, those facts should have been deemed admitted and summary judgment should have entered in his favor. We disagree. The motion judge instructed the wife's attorney that she did not need to file an opposition to the husband's motion for summary judgment.

8

Moreover, the wife did dispute the husband's claims in her motion to dismiss, which included her assertion that the separation agreement "does not explicitly transfer or assign any [S]ocial [S]ecurity benefits."

Motion judge's award of attorney's fees to wife.  The husband also argues that "attorney's fees should not have been awarded" by the motion judge to the wife in the amount of $3,675.  However, the husband has not included in the record appendix copies of the wife's motion for attorney's fees, on which that award was based.  As appellant, it was his responsibility to do so.  Mass. R. A. P. 16 (e), as appearing in 481 Mass. 1628 (2019); Mass. R. A. P. 18 (a) (1) (A) (v) (c), as appearing in 481 Mass. 1637 (2019); Zatsky v. Zatsky, 36 Mass. App. Ct. 7, 10 n.3 (1994).  We discern no abuse of discretion in the motion judge's decision to award attorney's fees to the wife, and have no basis on the incomplete record before us to determine that there was any such abuse of discretion.

Appellate attorney's fees.  The judgment is affirmed.  The wife's request for attorney's fees and costs associated with this appeal is allowed.  The wife may file an application for appellate attorney's fees and costs within fourteen days of the date of the rescript of this decision, and the husband shall

9

have fourteen days thereafter in which to file a response.  See

<u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004).

<u>So ordered</u>.

By the Court (Blake, Grant & Smyth, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  May 5, 2023.

---

[1] The panelists are listed in order of seniority.